IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RICKY BENSON,

       Plaintiff,

vs.                                          No. 04-2578-Ml/V

STATE OF TENNESSEE, et al.,

       Defendants.

---

ORDER CONSTRUING NOTICE OF APPEAL AS MOTION PURSUANT TO
FED. R. APP. P. 4(a)(6)
AND
ORDER DENYING MOTION PURSUANT TO FED. R. APP. P. 4(a)(6)

---

Plaintiff Ricky Benson, RNI number 204821 and Tennessee Department of Correction prisoner number 241219, who was, at the time he commenced this lawsuit, an inmate at the Shelby County Detention Center in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on July 27, 2004. On September 17, 2004, plaintiff filed a motion for summary judgment that indicated that he had been released from prison. The Court issued an order on January 3, 2005 directing the plaintiff, within thirty (30) days, to file a nonprisoner in forma pauperis affidavit or remit the full $150 civil filing fee. The order further provided that "[f]ailure to comply will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." 01/03/05 Order at 2. Because the plaintiff failed to comply with, or otherwise respond to, that order within the time specified, the Court issued an order on

February 28, 2005 dismissing the case without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Judgment was entered on March 1, 2005.

On July 1, 2005, plaintiff filed a notice of appeal in this closed case, which was docketed in the Sixth Circuit as case no. 05-6092. On August 31, 2005, the Sixth Circuit remanded the case "for the limited purpose of determining whether the notice of appeal may be treated as a Fed. R. App. P. 4(a)(6) motion to reopen the appeal period and, if appropriate, for a ruling on that document."

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)  the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C)  the court finds that no party would be prejudiced.

In this case, the notice of appeal filed by the plaintiff asserts, without elaboration, that "I did not receive the order of dismissal and order assessing filing fee, or any documentation of this case being closed until 6-22-05." It is, therefore, appropriate to

2

construe the notice of appeal as a motion pursuant to Fed. R. App. P. 4(a)(6).

The plaintiff has not satisfied the requirements for relief pursuant to Fed. R. App. P. 4(a)(6). The dismissal order and judgment were mailed to the plaintiff at his address of record and were not returned by the post office. The plaintiff also provides no explanation as to why he did not comply with the January 6, 2005 order directing him to file a nonprisoner in forma pauperis affidavit or pay the civil filing fee.[1] Accordingly, plaintiff has not met his burden to demonstrate that the requirements of Fed. R. App. P. 4(a)(6)(A) have been satisfied in this case. The motion pursuant to Fed. R. App. P. 4(a)(6) is DENIED.

The Clerk is directed to send a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 4th day of May, 2006.

s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[1]   When the plaintiff commenced this action, he was an inmate at the Shelby County Detention Center in Memphis. He was subsequently released and was apparently not a prisoner at the time the case was dismissed. He was later arrested against and held in the Shelby County Jail, at which time he filed the notice of appeal. The plaintiff was apparently released from the Jail at some time in the fall of 2005, as the docket sheet indicates that an order issued on September 19, 2005 was returned as undeliverable on September 23, 2005 because the plaintiff had been released. The plaintiff has not communicated with the Court since submitting a letter on August 12, 2005, and his current whereabouts are unknown. He is not in the custody of the Tennessee Department of Correction, and he is not at the Jail.